UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| HARRIET M. LIEDTKE, | Civil No. 15-3361 (JRT/HB) |
| Plaintiff, | |
| v. | **ORDER AFFIRMING ORDERS OF THE MAGISTRATE JUDGE** |
| RIA RUNNINGEN, TIMBERLAND PARTNERS, CITY OF BURNSVILLE, MATTHEW SMITH, FAIRVIEW HEALTH SERVICES, DAKOTA COUNTY, ANGELA ELWELL, JOE DALAGER, DENNIS PHILANDER, and SUSAN VAN PELT, | |
| Defendants. | |

Harriet M. Liedtke, 15151 Green Haven Drive #124, Burnsville, MN 55306, *pro se*.

Brooke C. Nelson and Malcolm P. Terry, **BERNICK LIFSON, P.A.**, 5500 Wayzata Boulevard, Suite 1200, Minneapolis, MN 55416, for defendant Timberland Partners.

Ryan M. Zipf, **LEAGUE OF MINNESOTA CITIES**, 145 University Avenue West, St. Paul, MN 55103, for defendants City of Burnsville and Matthew Smith.

Barry G. Vermeer and Jennifer M. Waterworth, **GISLASON & HUNTER LLP**, 701 Xenia Avenue South, Suite 500, Minneapolis, MN 55416, for defendant Fairview Health Services.

Helen R. Brosnahan and Jeffrey A. Timmerman, Assistant Dakota County Attorneys, **DAKOTA COUNTY ATTORNEY'S OFFICE**, 1560 Highway 55, Hastings, MN 55033, for defendants Dakota County and Angela Elwell.

Christine E. Hinrichs and Kelly A. Putney, **BASSFORD REMELE, PA**, 33 South Sixth Street, Suite 3800, Minneapolis, MN 55402, for defendant Joe Dalager.

Andrea Pavelka Hoversten and John B. Casserly, **GERAGHTY, O'LOUGHLIN & KENNEY, PA,** 55 East Fifth Street, Suite 1100, St. Paul, MN 55101, for defendant Dennis Philander.

Chad W. Strathman, **EMERGENCY PHYSICIANS P.A.**, 5435 Feltl Road, Minnetonka, MN 55343, for defendant Susan Van Pelt.

Plaintiff Harriet Liedtke initiated this action against the defendants on August 25, 2015, alleging various civil rights claims. Liedtke initially requested that the documents in her case be sealed, but on September 24, 2015, United States Magistrate Judge Hildy Bowbeer issued an order unsealing Liedtke's case. (Order Unsealing Case ("Sept. 24 Order"), Sept. 24, 2015, Docket No. 21.) On September 25, 2015, Liedtke again requested that the Court seal the record. The Magistrate Judge denied Liedtke's motion on October 1, 2015. (Order ("Oct. 1 Order"), Oct. 1, 2015, Docket No. 31.) Now, Liedtke objects to both the order unsealing the case and the order denying her motion to seal the record. Liedtke also appeals portions of the Magistrate Judge's November 25 Order denying several other motions. (Order ("Nov. 25 Order"), Nov. 25, 2015, Docket No. 134.) Specifically, she objects to the Magistrate Judge's denial of her motions to waive or modify the expert affidavit requirement, strike the defendants' waivers of service, extend time for her to serve the defendants, and for sanctions. Because the orders were not clearly erroneous or contrary to law, the Court will overrule Liedtke's objections and affirm the Magistrate Judge's orders.

# ANALYSIS

## I. STANDARD OF REVIEW

"The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential."  *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  This Court will reverse such an order only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a).

## II. OBJECTIONS TO SEPTEMBER 24 AND OCTOBER 1 ORDERS

Liedtke first objects to the Magistrate Judge's September 24 and October 1 orders, which unsealed the record and denied Liedtke's motion to seal the record.  Federal Rule of Civil Procedure 26(c) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Whether to seal records in a case is a discretionary decision by the presiding court.  *Scentsy, Inc. v. Reshare Commerce, LLC*, No. 12-268, 2013 WL 6175177, at *11 (D. Minn. Nov. 23, 2013) ("Because the Court has supervisory power over its records, the decision to seal is in its discretion.").  Liedtke argues that because a state court previously sealed the record on the same subject, this Court should also seal the record.  Liedtke made the same argument to the Magistrate Judge.  (*See* Letter to District Judge, Sept. 18, 2015, Docket No. 15.)  It is unclear which state court proceedings Liedtke is referring to; however, in any event, the federal court is not bound

by a state court determination on this issue. Liedtke has not provided any reasons to keep her filings sealed here.

Liedtke argues that unsealing the record will cause her irreparable harm. She does not describe any potential harm in her objections, but she does refer the Court to two prior filings with the Magistrate Judge. In these filings, Liedtke suggests that she will be harmed by allowing defendants to see information about other defendants, that the defendants may be influenced by the documents, and that the defendants will not keep the information confidential. (Letter to District Judge at 2.) However, as noted by the Magistrate Judge, Liedtke chose to bring this action jointly against all defendants, and keeping information separated among defendants is not a legitimate reason for sealing the record. (*See* Oct. 1 Order at 6-7.) Accordingly, the Court sees no reason to seal the record in this case. As noted by the Magistrate Judge, Liedtke may still request to file specific documents under seal if they pertain to areas legally recognized as confidential, or she may request a protective order for discovery under Rule 26(c), if applicable. (*Id.*)

### III.   OBJECTIONS TO NOVEMBER 25 ORDER

In Liedtke's December 7 filing, she objects to three portions of the Magistrate Judge's November 25, 2015, order: (1) the denial of her request to modify or waive the statutory requirements for certification of expert review; (2) the denial of her motion to strike defendants' waivers of service, and relatedly, the denial of her motion for an extension of time to serve defendants; and (3) the denial of her Addendum to Motion for Sanction for Delay and Intimidation.

First, Liedtke objects to the Magistrate Judge's denial of her motion to waive or modify the requirements for expert review in legal and medical malpractice cases. Liedtke sought to waive Minnesota § 544.42, which governs legal malpractice cases, and requires that she serve two expert witness disclosure affidavits on the defendant, one of which must be disclosed with the pleadings.  The Magistrate Judge found that the statute allows a plaintiff to apply for a waiver or modification of the requirement, but that the application must be submitted when the litigation is commenced.  (Nov. 25 Order at 9 (citing Minn. Stat. § 544.42, subd. 3).)  The Magistrate Judge found that Minnesota courts interpret this provision strictly in order to prevent frivolous litigation and therefore denied Liedtke's motion because her application was filed more than sixty days after her initial complaint.  (*Id.* at 9-10 (citing *Middle River-Snake River Watershed Dist. v. Dennis Drewes, Inc.*, 692 N.W.2d 87, 90 (Minn. Ct. App. 2005)).)  Additionally, the Magistrate Judge found that Minnesota Statute § 145.682, which establishes similar requirements for medical malpractice actions, does not allow for waiver or modification, and therefore, denied Liedtke's motion to waive or modify that requirement.  (*Id.* at 10.)  Finally, the Magistrate Judge found that Liedtke "makes no specific showing of why her case should be exempted from the ordinary requirements."  (*Id.*)

In her objections, Liedtke first argues that she requested waiver or modification of the expert affidavit requirements in a timely manner.  (Objs. to Nov. 25 Order at 1, Dec. 7, 2015, Docket No. 158.)  She states that she requested to waive the expert requirement in her motion to seal the record, filed the same date as her complaint. However, in that motion, Liedtke only requested that, "time limit[s] be tolled until I am

ready to proceed with my claims." (Ex Parte Mot. to Seal Record at 3, Aug. 25, 2015, Docket No. 3.) The filing did not mention the expert affidavit requirements and did not establish good cause to waive the requirement. Liedtke also argues that certification of expert review should not be required because "[a]ny ordinary person knows what to expect from a lawyer and what to expect from a doctor." (Objs. to Nov. 25 Order at 1.) However, the requirement reflects the state's policy choice to require such a certification. *See Broehm v. Mayo Clinic Rochester*, 690 N.W.2d 721, 725-26 (Minn. 2005) ("So as not to undermine the legislative aim of expert review and disclosure, we have stressed that plaintiffs must adhere to strict compliance with the requirements of Minn. Stat. § 145.682."); *Middle River-Snake River Watershed Dist.*, 692 N.W.2d at 91 (finding that "failure to strictly adhere to the requirements of expert review and disclosure undermines the legislature's procedural reforms in professional-malpractice actions and might ultimately require more intrusive or elaborate measures to avoid frivolous litigation").

Some cases suggest that the Court may allow for delay in the filing of these affidavits, but only upon a showing of excusable neglect. *See, e.g.*, *Flores v. United States*, 689 F.3d 894, 900 (8th Cir. 2012) (finding the expert requirements under Minn. Stat. § 145.682 could be excused due to "excusable neglect"); *Lake Superior Ctr. Auth. v. Hammel, Green & Abrahamson, Inc.*, 715 N.W.2d 458, 471 (Minn. Ct. App. 2006) (finding that "the time limits imposed by Minn. Stat. § 544.42 are procedural and can therefore be extended, even after the time limits expire, upon a showing of excusable neglect"). However, the Court finds no clear error in the Magistrate Judge's determination that Liedtke has not made any showing that her failure to comply should be

excused.  "Excusable neglect is found when (1) there is a reasonable defense on the merits; (2) there is a reasonable excuse for the failure to answer; (3) the party acted with due diligence after notice of the entry of judgment; and (4) no substantial prejudice results to other parties."  *Lake Superior Ctr. Auth.*, 715 N.W.2d at 471; *see also*, *Nguyen v. State Farm Mut. Auto. Ins. Co.*, 558 N.W.2d 487, 490 (Minn. 1997) (applying the same test for Rule 60.02, under which relief from judgment is available for mistake, inadvertence, surprise, or excusable neglect).  Here, Liedtke only suggests that it is difficult to find an expert at a reasonable cost and without a lawyer.  (Objs. to Nov. 25 Order at 1.)  The Court finds she has not shown excusable neglect.  Accordingly, the Court will affirm the Magistrate Judge's denial of Liedtke's request to waive the expert affidavit requirements.

Second, Liedtke objects to the Magistrate Judge's denial of her motion to strike the defendants' waivers of service.  Liedtke argues in conclusory fashion that the plaintiff can choose when to serve defendants, and that the "filing of waivers of service is ineffectual."  (Objs. to Nov. 25 Order at 2.)  The Magistrate Judge found no basis to strike the defendants' waivers of service or to extend time for service of the remaining defendants. (Nov. 25 Order at 6-7.)  The Court agrees that Liedtke has provided no basis for her argument in either law or fact, and the Court therefore finds no clear error in the Magistrate Judge's conclusion.

Relatedly, Liedtke also objects to the Magistrate Judge's denial of her request to extend the time to serve some of the defendants until after the Court ruled on the pending motions to dismiss.  The Magistrate Judge found the motion moot with regard to the

defendants who have already waived service, and found that Liedtke has provided no good cause as to why she has been unable to serve any remaining defendants. (Nov. 25 Order at 7.) Liedtke provides only a general objection that the Court should extend the time of service, but she provides no legal justification to do so. Accordingly, the Court finds no clear error in the Magistrate Judge's denial of her motion to extend time for service.

Finally, Liedtke objects to the Magistrate Judge's denial of her motion for sanctions. In her motion, Liedtke argued that an attorney had wrongfully filed with the Court two police incident reports including private medical data. The Magistrate Judge found that the police incident reports, which were filed under seal and later filed publicly with identifying information redacted, were not medical records as that term is used in Minn. Stat. § 13.384. (Nov. 25 Order at 14.) Under § 13.384, private medical data include "data collected because an individual was or is a patient or client of a hospital . . . operated by a government entity." Liedtke appears to argue that § 13.384 applies to the incident reports because the data was collected while she was a patient in a hospital. However, as discussed by the Magistrate Judge, there is no indication that the incident reports were made because Liedtke was a patient in a government-run hospital. (Nov. 25 Order at 14.) Instead, the statute governing law enforcement data applies, and that statute requires the publication of specific "data created or collected by law enforcement agencies which document any actions taken by them to cite, arrest, incarcerate or otherwise substantially deprive an adult individual of liberty," including the "time, date and place of the action" and the "name, age, sex, and last known address

of an adult person . . . cited, arrested, incarcerated or otherwise substantially deprived of liberty." Minn. Stat. § 13.82, subds. 2, 3.  Additionally, the Magistrate Judge found that even if the incident reports were improperly filed, there was no indication of abusive or malicious intent supporting sanctions.  (*Id.* at 14-15.)  Thus, because no private medical data was publicly filed and there was no apparent malicious intent, the Court finds no clear error in the Magistrate Judge's denial of Liedtke's motion for sanctions.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Liedtke's objections [Docket Nos. 37, 158] and **AFFIRMS** the Magistrate Judge's September 24 Order [Docket No. 21], October 1 Order [Docket No. 31], and November 25 Order [Docket No. 134].

DATED: April 25, 2016  
at Minneapolis, Minnesota.

                                                      JOHN R. TUNHEIM  
                                                      Chief Judge  
                                                United States District Court